HEARD NOVEMBER TERM, 1874.

## SULLIVAN *vs.* THOMAS.

Where a judgment of the Circuit Court dismissing a complaint is, on the plaintiff's appeal, wholly set aside by the Supreme Court, and the cause returned to the Circuit Court, the case stands as if no judgment of dismissal had been pronounced, and parties defendant having claims similar to those of the plaintiffs may establish them against their co-defendant, in whose behalf the judgment of dismissal had been pronounced.

BEFORE COOKE, J., AT GREENVILLE, APRIL TERM, 1874.

This was the same case of *Sullivan* vs. *Thomas* reported on first appeal.—3 S. C., 531.

To understand the points made by the present appeal, it is only necessary to publish the notice and grounds of appeal given on the first appeal, dated November 6th, 1871, and the proceedings which took place after the judgment of the Supreme Court on that appeal was returned to the Circuit Court.

The notice and grounds of appeal are as follows:

"James M. Sullivan and all the other plaintiffs in this case give notice to the defendants and their attorneys, and to William A. McDaniel, Esq., Clerk of said Court, that the plaintiffs appeal from the decree of His Honor James L. Orr in this case, filed 16th of October, 1871, and will make their motion at the next sitting of the Supreme Court in Columbia to modify the same so far as it disallows their claim to rescind the receipts given by the said James M. Sullivan to the defendant, Wm. M. Thomas, and to hold the obligors of the bond given by George W. Tolbert, R. R. Tolbert and John R. Tolbert responsible for the full share of the said James M. Sullivan in his own right and as guardian of his said children in said bond, to wit, one-fourth part of one-half of the principal and interest of said bond amongst them, on the following grounds:

"1. Because the said Wm. M. Thomas, whilst Commissioner in Equity, executed, without any authority whatever, the pretended and fraudulent assignments endorsed on said bond respectively, first to S. Thomas, then to Wm. M. Thomas, and again to Wm. M. Thomas, as attorney of S. Thomas; and said assignments, being in fact and law fraudulent, could confer no rights whatever on the respective assigns; nor could they authorize the obligors of said bond to pay any portion of said bond to said assigns, or either of them; and that, in fact, the said obligors never paid said Wm. M. Thomas, whilst Commissioner, any part of said bond, except the two first credits endorsed thereon, to wit, one of $676.70 and the other of $322; and the said obligors are liable to pay the entire balance of said bond, deducting the $300 they paid to T. Henry Stokes and wife.

"2. Because the allegation of the bill, that Wm. M. Thomas falsely and fraudulently misrepresented to the complainants and the other parties entitled to the proceeds of said bond that the Tolberts paid him the said bond in Confederate money, was fully proved by the testimony in the cause, and the said obligors, with a full knowledge that they had not made said payments, and had not authorized him, adopted the fraud of said Wm. M. Thomas, and, in fraud of plaintiff's rights, proceeded to make payment to him to the extent of $2,600 in gold and four bales of cotton after Thomas was out of office; and they should have been held liable for said payments, as well as the balance of said bond, less the $300 paid T. Henry Stokes and wife.

"3. Because the said bond, in law and fact, to the extent before indicated, should, under the proof in the case, have been regarded and treated by the Court as due and unsatisfied and the obligors liable therefor.

"4. Because it is respectfully submitted that the decree of the Court, to the extent complained of, is not only without evidence, but is in opposition to it and the law of the case."

On the 26th March, 1874, after the judgment of the Supreme Court had been returned to the Circuit Court, James M. Sullivan, one of the plaintiffs, addressed a communication to the attorneys of the defendant, John R. Tolbert, which is as follows:

"STATE OF SOUTH CAROLINA,⎫

COUNTY OF GREENVILLE.   ⎬ *Court of Common Pleas.*

                        ⎭

"J. M. Sullivan *et al.*, plaintiffs, against G. W. Tolbert *et al.*, defendants.

" *To Messrs.* PERRIN & COTHRAN *and* EARLE & BLYTHE:

"GENTLEMEN—The defendant, John R. Tolbert, having settled with me the amount due to me individually and as guardian, together with the costs, in pursuance of the decree of the Supreme Court in the above stated case, I hereby authorize and empower you, on my behalf and on behalf of my wards, to take such legal steps as you may deem best to have the bill dismissed and the proceedings ended.

                                 "JAMES M. SULLIVAN.

"26th March, 1874."

On the call of the cause in the Circuit Court, the above letter was presented to the Court, and an order to dismiss was moved, which, after argument, was refused by the Court, and the following decree passed, to wit:

COOKE, J.   On hearing the report of James P. Moore, Special Referee in this case, bearing date and filed 22d of November, 1872, and on motion of Sullivan & Stokes, complainants' solicitors, and solicitors for Micajah B. Harrison and his infant daughter, Sarah Harrison, and Anna R. Child, now Ware, defendants, and G. G. Wells and Sullivan & Stokes, solicitors of the defendants, Hickson and wife and G. W. Collins, it is ordered that said report be confirmed and made the judgment of this Court.   It is further ordered and adjudged that the complainants and defendants before mentioned, respectively, have leave to issue their executions against John R. Tolbert individually, and as administrator of George W. Tolbert, deceased, and as executor of Robert R. Tolbert, deceased, for the respective amounts ascertained by the report of said Referee to be due to them, to wit:   To complainants as follows: James M. Sullivan, $881.97; and to his children, including Micajah B. Harrison and his infant daughter Sarah, $1,750.50, with interest from the 22d of November, 1872; to Wm. Hickson and wife, defendants, $3,610.49, with interest from 22d November, 1872; to

George · W. Collins, defendant, $1,203.49, with interest from 22d November, 1872; to Anna R. Child, now Ware, defendant, $2,406.99, with interest from 22d November, 1872; and also for the costs and disbursements before mentioned, to be taxed by the Clerk of this Court, and inserted in said execution, subject, however, to a credit for such payments as the defendant Tolbert may have made to James M. Sullivan individually and as guardian.

The attorneys of the defendant, John R. Tolbert, gave notice of appeal as follows:

"Please take notice that we appeal from the order of His Honor Judge Cooke, made at the March Term, refusing to grant our motion to dismiss the bill herein on the behalf of the defendant, John R. Tolbert, as administrator of George W. Tolbert, one of the defendants, and as executor of Robert R. Tolbert, one of the defendants, and in his own right,—said motion having been made by the authority of James M. Sullivan, and those whom he represented, who were the complainants in the cause, on the following grounds, to wit:

"Because the said John R. Tolbert, having paid and satisfied the complainants, who were the only appellants, and having paid the costs as required by the Supreme Court, and the appellants having authorized the dismissal of the bill, it is respectfully submitted that His Honor erred in refusing to grant the motion, the Supreme Court clearly having been misled in the supposition that any others than the said complainants had appealed."

*Perrin & Cothran, Earle,* for appellant.

*Sullivan & Stokes,* contra.

June 18, 1875.   The opinion of the Court was delivered by

WILLARD, A. J.   The present appeal is from an order refusing to dismiss the complaint, it appearing that the plaintiff's demand had been satisfied by the defendant, Tolbert, and that he consented to such dismissal.   Hickson and others, joined as defendants to the original complaint as having claims against the defendant, Tolbert, similar to those set up by the plaintiff, resisted the motion to dismiss the complaint, claiming that under the decision of this Court on the former hearing in this case, reported in 3 S. C., 531,

they were entitled to retain the complaint for a decree based on their claims. The defendant, Tolbert, claimed that Hickson and the other defendants were not entitled to the benefit of the judgment rendered by this Court, inasmuch as they were not before this Court as appellants from the judgment which was set aside in this Court, the appeal having been taken by the plaintiffs alone.

The Circuit Court arrived at a correct conclusion in deciding to retain the cause for a decree in favor of such of the other defendants as, according to the decision of this Court, were entitled to decrees.

The judgment originally brought into this Court, and which was set aside, as reported in 3 S. C., was a judgment dismissing the complaint upon grounds equally applicable to the plaintiff and certain of the defendants joined with Tolbert. That judgment was set aside on the appeal of the plaintiff, and, as a consequence, the action was before the Circuit Court for a proper judgment. No other judgment could, under the circumstances, have been rendered by this Court. It was impossible, from the nature of the judgment appealed from, to merely modify it or to set it aside only as affecting the interests of the plaintiff, leaving it of force as against the defendants who had not appealed. The complaint having been dismissed, it was for this Court to do one of two things—either to affirm the judgment of dismissal or to set it wholly aside. The last named was the judgment of this Court.

The effect of this judgment was to return the case to the Circuit Court wholly unadjudicated, except so far as the principles of a decree were embodied in the judgment of this Court. Under such circumstances, there was nothing to prevent Hickson and the other defendants having rights the same as his from demanding decrees for such amounts as might be found due to them.

The judgment of the Circuit Court dismissing the complaint was wholly gone, and no interlocutory judgment or order stood in their way so as to bar their demand. Finding this case thrown open upon the plaintiff's appeal, there was nothing in their way to prevent them from asking such a decree as should result from the principles settled by this Court.

The appeal should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.